Matter of Lubrano v Bourne-Clarke

2026 NY Slip Op 01965

April 1, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Giuseppe Lubrano, petitioner,

v

Sharon Bourne-Clarke, etc., respondent. Giuseppe Lubrano, Brooklyn, NY, petitioner pro se.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 1, 2026

2025-14805 DECISION, ORDER & JUDGMENT

Lara J. Genovesi, J.P.

William G. Ford

Helen Voutsinas

Donna-Marie E. Golia, JJ.

Letitia James, Attorney General, New York, NY (Miranda Onnen of counsel), for respondent.

[*1]

Proceeding pursuant to CPLR article 78, inter alia, in effect, in the nature of mandamus to compel the respondent Sharon Bourne-Clarke, a Justice of the Supreme Court, Kings County, to set aside the sale of certain real property, to conduct a hearing pursuant to CPLR 5015, and to appoint a referee pursuant to CPLR 4312, in an underlying civil action entitled Lubrano v Lubrano, pending in that court under Index No. 550642/20, and application by the petitioner for a waiver of costs, fees, and expenses.

ORDERED that the application for a waiver of costs, fees, and expenses is granted to the extent that the filing fee imposed by CPLR 8022(b) is waived, and the application is otherwise denied as academic; and it is further,

ADJUDGED that the petition is denied and the proceeding is dismissed on the merits, without costs or disbursements.

The extraordinary remedy of mandamus will lie only to compel the performance of a ministerial act, and only where there exists a clear legal right to the relief sought (see Matter of Legal Aid Socy. of Sullivan County v Scheinman, 53 NY2d 12, 16).

The petitioner has failed to demonstrate a clear legal right to the relief sought.

GENOVESI, J.P., FORD, VOUTSINAS and GOLIA, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court